UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LEOTHA RAINEY**                               Case No. 2:19-cv-12227
   **Plaintiff**

   **versus**                                         **FLSA COLLECTIVE ACTION**

**C.A.R.E., INC., DONALD V.**
**BANKSTON, JAMES GRIFFITH,**        **JURY TRIAL REQUESTED**
**and XYZ INSURANCE COMPANY**

   **Defendants**

*****************************************************************************

### COMPLAINT

NOW INTO COURT, through undersigned counsel, comes plaintiff, Leotha Rainey ("Plaintiff" or "Rainey"), a person of the full age of majority, who is domiciled in St. John the Baptist Parish, Eastern District of Louisiana, and who, on her own behalf and on behalf of those similarly situated, alleges as follows:

### JURISDICTION and VENUE

1.

This Court's jurisdiction is based upon the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the matter may proceed as a collective action under 29 U.S.C. § 216, as defendant, C.A.R.E. (Consulting and Advice for the Retired and Elderly), INC., its officers and directors including co-defendants, and its employees are engaged in interstate commerce such that the FLSA applies to defendant CARE and the co-defendants.

### PARTIES

2.

Made defendant herein is CARE, INC. (Consulting and Advice for the Retired and

Elderly), ("CARE" or "defendant"), a domestic corporation in good standing, bearing Charter # 34395484D, which first registered with the Louisiana Secretary of State's Office on December 4, 1991, and is domiciled at 1500 J.W. Davis Drive, Hammond, Louisiana 70403, which for purposes of the FLSA may be considered an employer of plaintiffs and those similarly situated.

3.

Made defendants herein are Donald V. Bankston "Bankston"), in his capacity as a Director of CARE, and James Griffith ("Griffith"), in his capacity as a Director and also as the President of CARE, (collectively and/or individually "defendants"), both of whom are persons of full age of majority, and who, for purposes of the FLSA, may be considered to be an "employer" of plaintiffs and those similarly situated.

4.

Made defendant herein is the XYZ Insurance Company, upon information and belief the insurer providing coverage to defendants for acts or omissions of officers and directors like the above-named defendants in Paragraph 3 herein.

**FACTS**

5.

Plaintiff, is an employee of defendant, CARE, who seek to assert claims on her own behalf and on behalf of all those similarly situated individuals, whether currently employed or employed during the last three years, pursuant to 29 U.S.C. § 216.

6.

Plaintiff and those similarly situated nonexempt individuals who are or were employed by defendants and were not properly paid overtime for hours worked in excess of forty hours per week.

7.

At all relevant times, defendants told plaintiff and those similarly situated, which work to perform and how many hours they could work.

8.

Plaintiff and those similarly situated individuals were, on a regular and routine basis, instructed by defendants to work in excess of 40 hours per week but were not always paid the correct rate of pay for both regular time and/or for overtime, for such work, but were instead: 1) sometimes not paid any overtime at all; 2) sometimes paid straight time for all hours of work; 3) sometimes were paid a lower rate of pay for regular hours; and 4) sometimes were paid an incorrect (lower) rate of pay for overtime hours which was erroneously calculated on an incorrect (lower) rate of "regular-hour" pay.

9.

Plaintiffs and those similarly situated individuals were paid at rates below those mandated by the strictures of the FLSA by defendant, CARE, which resulted in a deliberately erroneous calculation by defendant CARE of the correct rate of employee pay for overtime purposes.

10.

Plaintiff and those similarly situated individuals were paid by defendant, CARE, based on an hourly rate for the work they performed for defendant.

11.

Plaintiff and those similarly situated individuals often worked in excess of 40 hours per week for defendants, but were routinely denied proper payment for any and/or all hours worked in excess of 40 hours per week.

12.

Upon information and belief, defendants pursued a policy and/or practice of not paying plaintiff and those similarly situated proper overtime amounts for all hours worked in excess of 40 per week. This policy and/or practice included not calculating the proper rate of pay for overtime hours, and/or not paying time and a half (1/2) for all overtime hours based on an employee's regular rate of pay.

13.

Upon information and belief, defendants Bankston and Griffith implemented and oversaw the unlawful policies/practices of CARE concerning payroll and overtime and made or participated in the decisions which plaintiff claims violate the FLSA.

14.

Defendants' actions were willful and not in good faith and were designed to circumvent the rights of plaintiff and those similarly situated individuals under the FLSA.

15.

Plaintiff seeks recognition by this Court of a collective action under 29 U.S.C. 216(b) with appropriate notices being sent to all similarly situated individuals at defendants' expense.

16.

Defendants are liable *in solido* to plaintiffs and those similarly situated individuals for:

1. Proper calculation and/or payment of/for overtime hours worked in excess of 40 per work week, including calculation and/or payment of the correct rate of overtime pay for those overtime hours where an incorrect rate was paid;

2. Recalculation of the regular rate of pay to reflect the proper rate of pay due and owing, and payment for this omission for all hours of overtime worked;

3. Liquidated damages; and

    4.       Attorney's fees and costs.

17.

Plaintiff requests a trial by jury.

18.

WHEREFORE, Plaintiff, on her own behalf and on behalf of those similarly situated pray that after due proceedings are had, there be judgment recognizing this matter as a collective action pursuant to § 216(b) of the FLSA and that there be judgment in favor of the Plaintiff, individually and on behalf of those similarly situated, and against defendants: 1) CARE, Inc.; 2) Donald V. Bankston and James Griffith, in their official capacities as Directors and President of CARE; and 3) XYZ Insurance, awarding proper overtime wages, liquidated damages and other expenses incurred as a result of defendants' policies and practices and attorney's fees, costs and all other general and equitable relief, with legal interest as allowed by law on all amounts owed herein. Further, plaintiff requests a trial by jury on all issues raised herein.

Respectfully submitted,

    /s/ John O. Pieksen, Jr.
John O. Pieksen, Jr. (#21023)
John Pieksen & Associates, LLC
829 Baronne Street, New Orleans, LA 70113
Office: (504) 581-9322; Fax: (504) 581-7652
E-Mail: jpieksen@cox.net
**Counsel for Party Plaintiff, Leotha Rainey**

**SERVICE INFO:**

Plaintiff will execute and issue
a Notice of Lawsuit and
Request for Waiver of Service
of Summons to Defendants

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEOTHA RAINEY** | Case No. 2:19-cv-12227 |
| **Plaintiff** | |
| **versus** | **FLSA COLLECTIVE ACTION** |
| **C.A.R.E., INC., DONALD V. BANKSTON, JAMES GRIFFITH, and XYZ INSURANCE COMPANY** | **JURY TRIAL REQUESTED** |
| **Defendants** | |

*************************************************************************

## CONSENT TO BECOME PARTY PLAINTIFF

NOW comes LEOTHA RAINEY, who, pursuant to 29 U.S.C. § 216(b), files this consent to become a party plaintiff in the above lawsuit.

I hereby specifically authorize counsel to include me as a collective action member in the above lawsuit. I understand that this matter will proceed on my behalf and as a Collective Action.

This, the 19th day of August, 2019.

_____/s/ LEOTHA RAINEY_____